IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH P. FRANKENBERRY,<br>　　　　　　　　Petitioner<br><br>　　　vs.<br><br>BRIAN COLEMAN, Superintendent SCI<br>Fayette; COURT OF COMMON PLEAS<br>OF FAYETTE COUNTY, PA,<br>　　　　　　　　Respondents | Civil Action No. 09-557<br>Judge Nora Barry Fischer/<br>Chief Magistrate Judge Amy Reynolds Hay |

REPORT AND RECOMMENDATION

I.  RECOMMENDATION

It is respectfully recommended that the habeas petition, ostensibly filed pursuant to 28 U.S.C. § 2241, be dismissed and, to the extent one is needed, that a certificate of appealability be denied.

II.  REPORT

Joseph P. Frankenberry ("Petitioner"), a state prisoner, (DOC ID No. BD-7919), was convicted on August 19, 1981 of first degree murder in the Court of Common Pleas of Fayette County.  Dkt. [1-2] at 2; Dkt. [1-4] at 6.  He was sentenced on November 15, 1982.  His direct appeals concluded on or about May 13, 1985, when the United States Supreme Court denied certiorari.  Frankenberry v. Pennsylvania, 417 U.S. 1105 (1985).  It appears that he filed his first PCRA petition in State Court on or about November 18, 1994.[1]  It further appears that those first

---

[1] The Court takes judicial notice of the criminal dockets of the Court of Common Pleas of Fayette County in the case of Commonwealth v. Frankenberry, CP-26-CR-0000158-1981 available at

http://ujsportal.pacourts.us/DocketSheets/CPReport.aspx?matterID=7371567

PCRA proceedings concluded with the Pennsylvania Supreme Court denying allocatur on or about April 4, 1996.  Com. v. Frankenberry, 674 A.2d 1067 (Pa. 1996)(Table).  Subsequently, Petitioner filed a second PCRA petition on or about October 8, 2004.  Those second PCRA proceedings appear to have concluded on or about June 21, 2006, when the Pennsylvania Supreme Court denied allocatur.  Com. v. Frankenberry, 901 A.2d 496 (Pa. 2006)(Table).

In the meanwhile, Petitioner not only litigated in State Court he also litigated in Federal Court.  On February 11, 1991, Petitioner filed his first Section 2254 habeas petition in this Court.  Frankenberry v. Morgan, No. 91-CV-241 (W.D. Pa.).  On January 30, 1992, the Magistrate Judge issued a Report, recommending that the petition be denied as meritless and/or procedurally defaulted.  Over Petitioner's objections, the District Judge adopted the report on February 27, 1992 and denied a certificate of probable cause.   On September 9, 1992, the Court of Appeals also denied a certificate of probable cause.  Frankenberry v. Morgan, No. 92-3146 (3d Cir.).  After a petition for rehearing was denied by the Court of Appeals, the United States Supreme Court denied a petition for writ of certiorari on February 22, 1993.  Frankenberry v. Morgan, 507 U.S. 911 (1993).

Thereafter on September 3, 1996, Petitioner filed in the Court of Appeals for the Third Circuit a petition seeking leave to file a second or successive Section 2254 habeas petition,  In re Frankenberry, No. 96-8060 (3d Cir.), which was denied on October 3, 1996.  Undeterred, on October 18, 1999, Petitioner filed, without leave of the Court of Appeals, a second Section 2254 habeas petition in this court.  Frankenberry v. Johnson, No. 99-CV-1685 (W.D. Pa.).   The Magistrate Judge issued a Report,[2] recommending that the petition be transferred to the Court of

---

[2] Attached hereto as an appendix.

Appeals as being a second or successive petition. Id., (Dkt. [27] filed 2/21/01). Over Petitioner's objections, the District Judge adopted the Report and transferred the case to the Court of Appeals. Id., (Dkt. [29] filed 4/4/01). The Court of Appeals denied Petitioner leave to file the second or successive habeas petition. In re Frankenberry, No. 01-1890 (3d Cir. Order entered 6/1/01).

Thus far unsuccessful in his repeated attacks on his conviction, Petitioner now seeks to invoke the Federal Court's habeas jurisdiction to again attack his first degree murder conviction using a different tack. Rather than filing his habeas petition pursuant to Section 2254, Petitioner has attempted to characterize the instant petition as being brought pursuant to Section 2241. Because, Petitioner has not carried his burden to show that this petition is properly filed as a Section 2241 petition and because, it is in fact and law, a second (actually, a third) or successive Section 2254 petition, the petition is jurisdictionally improper and must be dismissed.

**Discussion**

While Petitioner addresses procedural issues extensively, it is not quite clear what constitutional claims he is raising herein. See, e.g., Dkt. [1] and [4]. The only claim in the petition is that "Respondent Court of Common Pleas, Fayette County, Pa., violated your petitioner's substantive and procedural due process rights when failing to adjudicate the merits of petitioner's claims/issues presented in amended petition for writ of habeas corpus, constituting structural error that violated petitioner's constitutional rights under the 5th. and 14th. Amendments to the United States constitution." Dkt. [1] at 7, ¶ [18]. The Court notes that in his State Court filings, Petitioner argued that the United States Supreme court holding in Crawford v. Washington, 541 U.S. 36 (2004) applied retroactively. See Dkt. [1-5] at 2. The State PCRA

Court found that Petitioner's second PCRA petition was untimely, and that Crawford does not apply retroactively.  See id.  Similarly, the Superior Court found that the PCRA petition is untimely and that Crawford does not apply retroactively.  Dkt. [1-6] at 1 to 6.  The Court notes that in the State Courts, Petitioner relied upon a Ninth Circuit case which held that Crawford is retroactively applicable to cases on collateral review, such as was Petitioner's case in the second PCRA proceedings.  Bockting v. Bayer, 408 F.3d 1127 (9th Cir. 2005), *cert. granted by*, Whorton v. Bockting, 547 U.S. 1127 (May 15, 2006), *and judgment rev'd by*, Whorton v. Bockting, 549 U.S. 40 (Feb.28, 2007).  After the State Courts decided Petitioner's second PCRA proceedings, Whorton held Crawford to not be retroactively applicable to cases on collateral review.  This may explain why in the instant filing, Petitioner does not argue his case on the merits as he had in the State Courts, i.e., that Crawford is retroactively applicable.  Accordingly, most of Petitioner's time is spent on arguing to this Court the procedural propriety of this being a Section 2241 petition and that AEDPA does not apply herein.  See Dkt. [4].

      The petition has not been served yet but pursuant to Rule 4 of the Rules Governing Section 2254 cases,[3] this court may dismiss the petition if it plainly appears on its face that the

---

[3] "Courts have used Rule 4 of the habeas corpus rules to summarily dismiss facially insufficient habeas petitions brought under § 2241. *Howard v. Haley*, 2001 WL 303534, * 1 (S.D.Ala. March 8, 2001); *Howard v. Certain Unnamed Aircraft Pilots*, 1995 WL 431150, * 2 (N.D.Ill. July 18, 1995). Because the petition is facially insufficient, it will be dismissed." Perez v. Hemingway, 157 F.Supp.2d 790, 795 (E.D. Mich. 2001). Accord United States v. Recinos- Gallegos, 151 F.Supp.2d 659 (D. Md. 2001) (dismissing petition construed as Section 2241 pursuant to Rule 4).  See also Castillo v. Pratt, 162 F.Supp.2d 575, 577 (N.D. Tex. 2001) ("The Supreme Court intended the 2254 Rules to apply to petitions filed under § 2241. See Rule 1(b) of the 2254 Rules"); Ukawabutu v. Morton, 997 F.Supp. 605, 608 n.2 (D.N.J. 1998)("I refer to these rules [i.e., Rules Governing Section 2254 Cases] as the 'Habeas Corpus Rules' because they apply to petitions filed pursuant to 28 U.S.C. § 2241 as well as 28 U.S.C. § 2254."); Wyant v. Edwards, 952 F.Supp. 348, 352 (S.D. W.Va. 1997)("the Court has concluded that the § 2254 Rules were intended to apply to § 2241 cases. . .").  Hence, for purposes of pre-service dismissal, it does not matter whether one characterizes this as a Section 2254 petition or a Section 2241 petition, the court has authority to dismiss it pre service under Rule 4.

petitioner is not entitled to relief under habeas.[4] The court concludes that it plainly appears from the face of the petition and from that which it can take judicial notice of, that Petitioner is not entitled to relief.

Petitioner has not shown that his petition is properly brought under Section 2241, as is his burden.  See Simon v. Nalley, No. 9:02-CV-1255, 2003 WL 22240588, at *3 (N.D.N.Y.  Sept. 22, 2003)(it is a petitioner's burden to show that Section 2241 is jurisdictionally appropriate).

As observed by the Court of Appeals for the Third Circuit, Section 2241 confers jurisdiction on district courts to issue writs of habeas corpus in response to a petition from a state or federal prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States."  Coady v. Vaughn, 251 F.3d 480, 484 (3d Cir. 2001).  In contrast, section 2254 confers jurisdiction on district courts to issue "writs of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court ... on the ground that he is in custody in

---

[4] In interpreting Rule 4, the Advisory Committee Notes to Rule 4 observe that

> 28 U.S.C. § 2243 requires that the writ shall be awarded, or an order to show cause issued, "unless it appears from the application that the applicant or person detained is not entitled thereto."  Such consideration, may properly encompass any exhibits attached to the petition, including, but not limited to, transcripts, sentencing records, and copies of state court opinions. The judge may order any of these items for his consideration if they are not yet included with the petition.

In addition to ordering state court records, dockets  and/or opinions, a federal habeas court may take judicial notice of those state court records, dockets and/or state court opinions as well as federal court records.  See, e.g.,  United States ex. rel. Martin v. Gramley, No. 98 C 1984, 1998 WL 312014, at *1 (N.D. Ill. June 3, 1998)(In a Rule 4 summary dismissal, the court took "judicial notice of the opinion of the Illinois Appellate Court in this case."); Barber v. Cockrell, No. 4:01-CV-930, 2002 WL 63079, at * 1 (N.D. Tex. Jan. 8, 2002)(in a Rule 4 case, the court stated that from "the face of the petition, and from [state] court records of which this Court can take judicial notice, the court determines that this is a successive petition. . . .").  Accordingly, in deciding this petition, this court takes judicial notice of the docket of the Court of Common Pleas of Fayette County, as well as its own dockets and the Court of Appeals dockets.

violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Coady, 251 F.3d at 484. The Court of Appeals for the Third Circuit has determined, based on canons of statutory construction, that because Section 2254 is more specific and Section 2241 more general, a state prisoner must generally seek relief via a Section 2254 petition and not via a section 2241 petition. Id. See also Crouch v. Norris, 251 F.3d 720, 723 (8th Cir. 2001)("Not only is § 2254 an appropriate vehicle for Crouch's proposed claims, it is, as a practical matter, the only vehicle. This is because Crouch is a 'person in custody pursuant to the judgment of a State court,' 28 U.S.C. § 2254(a), and can only obtain habeas relief through § 2254, no matter how his pleadings are styled.").

Apparently believing a mere re-characterization of his petition as being a Section 2241 petition and not a Section 2254 petition permits him to circumvent Congressional intent on limiting repeat habeas filings in federal courts attacking state convictions, Petitioner seeks to have his present petition treated as being filed pursuant to Section 2241, contrary to Coady. However, this course of action is foreclosed both by Coady and by Felker v. Turpin, 518 U.S. 651 (1996). See, e.g., Greenawalt v. Stewart, 105 F.3d 1287, 1287 (9th Cir. 1997)("It is clear that Greenawalt is attempting to avoid the limitations imposed on second or successive petitions by styling his petition as one pursuant to § 2241. The Supreme Court has instructed us that the authority of the federal courts to grant habeas relief to state prisoners under § 2241 is limited by 28 U.S.C. § 2254. *Felker v. Turpin*, 518 U.S. 651 (1996)"); Byrd v. Gillis, No. CIV.A. 97-4697, 1997 WL 698157, at *1 (E.D.Pa. Nov. 5, 1997)("in *Felker v. Turpin*, 518 U.S. 651 (1996), the Supreme Court held that it would apply the AEDPA's new requirements for second and successive petitions to original petitions filed under 28 U.S.C. § 2241, even though the AEDPA

does not explicitly mention § 2241."). Although Petitioner has vigorously argued that this case is properly brought as a Section 2241 petition, he has not carried his burden to persuade this court that his case falls outside of the general rule of Coady so as to be able to bring the current claims via a Section 2241 petition.  See, e.g., In re Dorsainvil, 119 F.3d 245, 247 (3d Cir. 1997); Pollard v. Yost, Civ.A. No. 07-235J, 2008 WL 4933599 (W.D.Pa. Nov. 18, 2008).  Accordingly, this petition should be dismissed pre-service as not being properly filed pursuant to Section 2241 and should be treated as what it really is, a second or successive Section 2254 petition that is barred absent permission from the Court of Appeals to file it.

In the alternative, even if we were to consider this case on the merits, to the extent that his claims (which are unclear) rely on Crawford, as his claims in the State Courts did, his petition lacks merit given that Crawford does not apply to his case on collateral review.  Whorton, supra.

To the extent that Petitioner relies upon a claim of ineffective assistance of trial counsel for not challenging testimony at his trial which allegedly violates Crawford, see, e.g., Dkt. [5] at 3 (the "state courts failed to address the 'merits of claims' petitioner argued under guise of ineffective assistance of counsel"),[5] trial counsel in 1981 cannot be ineffective for failing to

---

[5] Moreover, we note that the exhibits Petitioner points to as asserting an ineffective assistance of counsel claim raised in the State Courts, i.e., exhibits D & E, see Dkt. [5-2] at 14, show only that he raised an ineffectiveness claim against his trial counsel based upon counsel failing to object to hearsay, not for failing to object on Federal Constitutional confrontation clause grounds.  These claims of ineffectiveness are different claims.  Hence, the claims raised in state court are not the same claims raised here and, hence, are not exhausted and appear to be procedurally defaulted to the extent that Petitioner is claiming herein ineffective assistance of counsel for failing to object on Confrontation Clause grounds. See, e.g., Gibson v. Scheidemantel, 805 F.2d 135, 138 (3d Cir. 1986)("Both the legal theory and the facts on which a federal claim rests must have been presented to the state courts."); Mattis v. Vaughn 128 F.Supp.2d 249, 256-57 (E.D. Pa. 2001)("The petitioner must fairly present to the state courts all the claims made in his habeas corpus petition.  To satisfy the 'fair presentation' requirement, the state court pleadings must demonstrate that the legal theory and supporting facts asserted in the federal habeas petition are 'substantially equivalent' to those presented to the state courts") (citations omitted), *aff'd*, 80 Fed.Appx. 154 (3d Cir. 2003).

anticipate changes in the law wrought by Crawford in 2004.  Debrow v. Cain, 286 Fed.Appx. 158, 160 (5th Cir. 2008)("to the extent that Debrow's brief can be read as suggesting that counsel was ineffective for failing to raise a *Crawford*-like argument, Debrow was convicted before *Crawford* was decided. *Crawford* overruled previous Supreme Court caselaw regarding hearsay testimony. Counsel does not render ineffective assistance by failing to anticipate changes in the law.")(citations omitted); Lyons v. McNeil, NO. 4:07-CV-00369, 2009 WL 1708953, at *22 (N.D.Fla., June 16, 2009) ("*Crawfor*d was decided after Petitioner's trial and Respondent asserts, correctly so, that counsel cannot be constitutionally ineffective for failing to predict a change in the law."); Stertzbach v. Schriro,  No. CV05-4225, 2007 WL 1624752, at *8 (D.Ariz., June 5, 2007) ("Petitioner has not demonstrated that his counsel was ineffective for failing to raise Blakely-type or Crawford-type issues given that such claims were not dictated by then-existing precedent.").

To the extent that Petitioner's claim now is that the State Courts violated his rights in the course of adjudicating his PCRA petition, see, e.g., Dkt. [1] at 7, ¶ 18 ("Respondent Court . . . violated your petitioner's substantive and procedural due process rights when failing to adjudicate the merits of petitioner's claims/issues presented in amended petition for writ of habeas corpus "), his claims are not cognizable in a federal habeas petition.  The rule is that errors in the course of a state's post conviction process simply are not cognizable in a federal habeas petition. Hassine v. Zimmerman, 160 F.3d 941, 954 (3d Cir. 1998)("The federal role in reviewing an application for habeas corpus is limited to evaluating what occurred in the state or federal proceedings that actually led to the petitioner's conviction; what occurred in the petitioner's *collateral* proceeding does not enter into the habeas calculation. . . . Federal habeas

power is 'limited ... to a determination of whether there has been an improper detention by virtue of the state court judgment.'"). Accord Bryant v. Maryland, 848 F.2d 492, 493 (4th Cir. 1988); Hallmark v. Johnson, 118 F.3d 1073, 1080 (5th Cir.), cert. denied, Johnson v. Monroe, 522 U.S. 1003 (1997); Nichols v. Scott, 69 F.3d 1255, 1275 (5th Cir.1995) ("An attack on a state habeas proceeding does not entitle the petitioner to habeas relief in respect to his conviction, as it is an attack on a proceeding collateral to the detention and not the detention itself.") (internal quotation marks omitted); Roe v. Baker, 316 F.3d 557, 571 (6th Cir. 2002) ("relief may not be granted to a habeas petitioner for alleged deficiencies in a state's post-conviction procedure"); Jolly v. Gammon, 28 F.3d 51, 54 (8th Cir. 1994); Franzen v. Brinkman, 877 F.2d 26, 26 (9th Cir. 1989); Hopkinson v. Shillinger, 866 F.2d 1185, 1219-20 (10th Cir. 1989), on reh'g, 888 F.2d 1286 (1989), overruling on other grounds recognized by Davis v. Maynard, 911 F.2d 415, 417 (10th Cir. 1990); Spradley v. Dugger, 825 F.2d 1566, 1568 (11th Cir. 1987). Contra Dickerson v. Walsh, 750 F.2d 150, 153 (1st Cir. 1984).

    Lastly, during the pendency of these proceedings, the United States Supreme Court decided Melendez-Diaz v. Massachussets, __ U.S. __, 2009 WL 1789468 at *13-31 (June 25, 2009). Petitioner relies on this case, apparently "to show an intervening change in law in the case of . . . Crawford." Dkt. [5] at 1. Plaintiff notes that in Melendez-Diaz, the Supreme Court expanded their previous decision in Crawford. Id. It is not entirely clear why Petitioner seeks to offer this new case. To the extent that he seeks the benefit of this new case, he may not benefit therefrom, for just as Crawford does not apply retroactively to cases on collateral review, the asserted expansion of Crawford in Melendez-Diaz cannot apply retroactively to cases on collateral review. Larkin v. Yates, No. CV 09-2034, 2009 WL 2049991 at *2 (C.D.Cal. July 9,

2009)("assuming without deciding that *MelendezDiaz* announced a new rule of law that testifying experts in criminal cases could not base their opinions on reports generated by persons not testifying, petitioner would not be entitled to the benefit of such a new rule. *See Teague*").

To the extent that Petitioner attempts to argue the State PCRA Court's construction of Crawford was unreasonable in light of Melendez-Diaz, see Dkt. [5] at 2 4, the Court is not persuaded given that Melendez-Diaz was not decided until after the PCRA court's decision and the Superior Court's decision and therefore cannot render those State Courts' construction of Crawford unreasonable.  Cf.  Laemmle v. Michaels, Civil Action No. 08-333, 2009 WL 2602065, at * 5 (W.D.Pa. Aug. 24, 2009("Petitioner has cited no federal Supreme Court precedent nor has he even argued that such a disposition is contrary to or an unreasonable application of **then extant** federal Supreme Court precedent. For this reason alone, he fails to show that he merits relief under AEDPA.")(emphasis added).

Accordingly, for any or all of the foregoing reasons, the petition, ostensibly filed pursuant to Section 2241 should be dismissed before service as jurisdictionally improper and/or meritless.

**Certificate of Appealability**

To the extent that Petitioner would need one, a certificate of appealability should be denied because jurists of reason would not find it debatable that the instant case is not properly a Section 2241 petition but is, in reality, a second or successive 2254 motion for which he needs the Court of Appeals' permission to file and/or that Crawford and Melendez-Diaz do not apply retroactively and/or that errors by the State Courts in the course of post conviction proceedings are not cognizable in federal habeas proceedings.

**Conclusion**

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the parties are allowed to file objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to timely file objections may constitute a waiver of any appellate rights.

        Respectfully submitted,

        /s/ *Amy Reynolds Hay*
        Chief United States Magistrate Judge

Dated: 8 October, 2009

cc:    The Honorable Nora Barry Fischer
       United States District Judge

       Joseph P. Frankenberry
       BD-7919
       SCI Fayette
       50 Overlook Drive
       Labelle, PA 15450

# APPENDIX